FILED 21 MAR '13 14:10 USDC-ORP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MILAUDI, KARBOAU<br>*Plaintiff,*<br><br>vs.<br><br>NATHALIE R. ASHER: FIELD OFFICE DIRECTOR; SYLVIE LOBATO ASSISTANT FIELD OFFICE DIRECTOR (*DETENTION*); AFOD GODFREY: ASSISTANT FIELD OFFICE DIRECTOR (*DETENTION*); NEIL CLARK: (*Former*) ICE FIELD OFFICE; COLETTE S. PETER: DIRECTOR OF DEPARTMENT OF CORRECTION (DOC) ADMINISTRATION DIRECTOR AND STATE OF OREGON.<br>*Defendants.* | 3'13-CV- 482 AC<br>District Court Case No _____<br>Green Card No: <u>A26358197</u><br><br><br><br>COMPLAINT<br><br><br><br><br>Jury Trial Demanded |

# UNLAWFUL DETENTION

Plaintiff      MILAUDI KARBOAU
               7585 SW Hunzker Street. Apt 50
               Tigard, Oregon 97223
               Email: milaudikarboau@yahoo.com
               (503) 421 0740

Defendant No. 1   FIELD OFFICE DIRECTOR: NATHALIE R. ASHER; ASSISTANT FIELD OFFICE 12500 Tukwila International Blvd. Seattle, WA,

1

98168

Defendant No. 2    ASSISTANT FIELD OFFICE DIRECTOR (DETENTION): SYLVIE LOBATO; 1623 East J Street, Tacoma, WA, 98421

Defendant No. 3    ASSISTANT FIELD OFFICE FIELD OFFICE (*DETENTION*): AFOD GODFREY, P.O. Box 4858 Portland, Oregon 97208

Defendant No. 4    COLETTE S. PETER OREGON DEPARTMENT OF CORRECTION (ODOC) DIRECTOR
2575 Center St. NE Salem, OR 97301-4667.

[x]    Federal Question

## *Preliminary Statement*

This civil action by the Plaintiff *Milaudi Karboau* "*prose*" against the Department of Correction (DOC) Administration director and State of Oregon Colette S Peter under 42 U.S.C. § 1983; as well against the United States (US) pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. 2671-2680, et. seq., accordance with the law of the place where the act and omission occurred under 28 U.S.C. § 1346(b)(1).§ 2680(h)in violations of his constitutional rights, and for damages resulting from arbitrary negligent by the agents of the Department of Homeland Security (DHS), Immigration & Custom Enforcement (ICE) and its employees under Bivens v. Six Unknown Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). As noted above, the defendants are all present and former employees, along with the United States defendants of whom are employees of the Immigration and Customs Enforcement ("ICE"), a branch of the United States Department of Homeland Security. Plaintiff allege violation of his constitutional rights pursuant to 28 U.S.C § 1983 and Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). Plaintiff's claims are for violations of his Fourth, Fifth, and Fourteenth Amendments, equal protection, the

2

Oregon and Washington Constitutions, and common laws by Defendants. Plaintiff seeks from all Defendants compensatory and punitive damages and injunctive and declaratory relief, from the defendants (ODOC), and the US/DHS/ICE for alleged unconstitutional, unlawful, and tortious actions against Plaintiff. Defendants are all current and former employees of the (ODOC), and the (US/DHS/ICE). both of whom are employees of the Immigration & Customs Enforcement ("ICE"), which is a branch of the United States Department of Homeland Security, for violations of his constitutional rights pursuant to 42 U.S.C. 1983 and Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), alleging claims for violations of the Fourth, Fifth, and Fourteenth Amendments, to redress the deprivation, under color, of federal law rights secured by the Constitutions of the United States.

# I. JURISDICTION & VENUE

1.      Pursuant to 42 U.S.C. §§1331(a) and 1343 3) this Court have jurisdiction over the Plaintiff's claims of violation of federal constitutional rights in this case because (1) Plaintiff was an inmate at Department of Correction in the state of Oregon when the violation occurred and (2) the (ICE) field Office of Portland, Oregon, launched the detainer was with the (ODOC) against the Plaintiff on May 13, 2003, while incarcerated in the state of Oregon.

2.      The Court has supplemental jurisdiction over the Plaintiff's states law tort claims under 28 U.S.C. § 1367.Plaintiff seeks money damage and declaratory relief pursuant to 28 U.S.C. § 2201 and 2202. 28 U.S.C. § 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure authorize plaintiff's claims for injunction relief.

3.      This United States District Court of District of Oregon is an appropriate venue

under 28 U.S.C. § 1391 (b)(2) because it is where the events giving rise to this claim occurred.

Plaintiff has exhausted his remedies and tried multiple times to file this lawsuit while incarcerated but the defendants made it impossible for the Plaintiff to do so by denying the Plaintiff meaningful access to law library Bounds v. Smith, 430 U.S. 817 (1977),and frequently transferred the Plaintiff from one state prison to another with intend to hinder and thwart the Plaintiff from filing lawsuit. Thus the Plaintiff statute is tolled under O.R.S. 12.160, which provides:

"If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS [12.110] * * * is:

"(1) Within the age of 21 years,

"(2) Insane, or

"(3) Imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than his natural life, the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases. "Donald Gene BOAG, v. CHIEF OF POLICE, CITY OF PORTLAND, and City of Portland, Oregon, 669 F.2d 587 (1982).Harris v. Craig, 299 Or 12, 697 P2d 189 (1985).Pursuant to ORS 12.010 to 12.050 and 12.070 to 12.260, Plaintiff filed this action within the ORS 12.160 statute of limitation after his release from the defendants 'custody.

The ORS 12.160 statues provide: "If, at the time the cause of action accrues,

4

## II. PLAINTIFF'S STATEMENT OF CLAIM

4.  On December 19, 2002, Plaintiff was convicted for receiving stolen property and was sentenced to 104 months in state prison, Oregon Department of Correction (ODOC) with alternative early release to six (6) months boot-camp program after serving forty eight (48) months of the total sentences of 104. Upon his conviction and the lengthy sentencing Plaintiff timely appealed his conviction to the Oregon Court of appeals. While his conviction pending the direct appeal, on May 13, 2003, the immigration and Custom Enforcement (ICE) launched detainer with (ODOC) against the Plaintiff. During his first two years' incarceration at Oregon Department of Correction (ODOC) Petitioner, had no idea that defendant placed a detainer with (ODOC) against him. On 2004, during his monthly consultation and review with the (ODOC) counselor, Plaintiff inquired about his eligibility for the early release to six months boot-camp program and Plaintiff was told that he was ineligible for the boot-camp program release because there was a pending detainer by ICE. Plaintiff contacted the defendant's(ICE) field office in Portland Oregon multiple times by mail requested that the detainer against him should remove because his conviction for the alleged attempting to receive stolen property O.R.S. §164.055 offense was pending the direct appeal and the conviction was not final for the immigration purposes.8 U.S.C. §1101(a)(48)(A).[A]lien's conviction became final for immigration purposes when he failed to appeal his conviction, (b) allowed appeal period to lapse, (c) waived his right to direct appeal or, (d) exhausted direct appeal of his conviction. *Wilson v. INS*, 43 F.3d 211, 216-17 (5th Cir.), *cert. denied*, 516 U.S. 811 (1985); *Marino v. INS* 537 F.2d 686; (2nd, Circuit 1976). See also *Martinez-Montoya v. INS*, 904 F.2d 1018, 1025 (5th Cir. 1990.Marino v. INS 537 F.2d

5

686; (2nd, Circuit 1976); Matter of Ozkok 191.& N. Dec. 546 (BIA) 1988); United States v. Morales, 854 F.2d 65 (5th, Circuit 1988; Smith v. Gonzales 468 F.3d 272 (5th, Circuit 2006); Morales-Alvarado v. INS, 655 F.2d 172 at 175*See Pino v. Landon*, <u>349 U.S. 901</u>, <u>99 L. Ed. 1239</u>, <u>75 S. Ct. 576</u> (1955) (per curium), *rev'g, Pino v. Nicolls*, <u>215 F.2d 237</u> (1st Cir. 1954). [T]he final conviction language applies to a conviction which is no longer subject to examination on direct appeal, "*<u>including an application for certiorari to the United States Supreme Court, either because of disposition on appeal and conclusion of the appellate process or because of the passage, without action, of the time for seeking appellate review</u>*".*Will v. INS*, <u>447 F.2d 529</u>, <u>532</u>-33 (7th Cir. 1971); *Aguilera-Enriquez v. INS*, <u>516 F.2d 565</u>, <u>570</u> (6th Cir. 1975), *cert. denied*, <u>423 U.S. 1050</u>, <u>96 S. Ct. 776</u>, <u>46 L. Ed. 2d 638</u> (1976); 1 C. Gordon and H. Rosenfield, *supra*, 4.12d, at 4-89 (Supp. 1975). Consequently, an alien not deemed to have been "convicted" of a crime under the Act until his conviction has attained a substantial degree of finality. *See Pino v. Landon*, <u>349 U.S. 901</u>, <u>99 L. Ed. 1239</u>, <u>75 S. Ct. 576</u> (1955) (per curium), *rev'g, Pino v. Nicolls*, <u>215 F.2d 237</u> (1st Cir. 1954). Such finality does not occur unless and until direct appellate review of the conviction (as contrasted with collateral attack) has been exhausted or waived. *Will v. INS*, <u>447 F.2d 529</u>, <u>532</u>-33 (7th Cir. 1971); *Aguilera-Enriquez v. INS*, <u>516 F.2d 565</u>, <u>570</u> (6th Cir. 1975), *cert. denied*, <u>423 U.S. 1050</u>, <u>96 S. Ct. 776</u>, <u>46 L. Ed. 2d 638</u> (1976); 1 C. Gordon and H. Rosenfield, *supra*, 4.12d, at 4-89 (Supp. 1975). However, the ICE defendant in Portland, Oregon office ignored the Plaintiff's letters requesting the removal of the detainer.

When the forty eight (48) months sentence comes to end December 22,

2005,Plaintiff requested from the Oregon department of Correction (a) to release (him) Plaintiff to boot-camp or (b) be released to (ICE) so he could deal with his consequences there. Plaintiff request was denied. Plaintiff also contacted (ICE) and requested that he should be picked up by (ICE) so he could deal with the unlawful detainer consequences or the removal of the detainer with (ODOC) so he could be released to boot-camp. Defendant (ICE) requested the Plaintiff's request was ignored and Plaintiff was held in the (ODOC) until he served his full sentence and released four 4 years later after December 22, 2005, date of his boot-camp scheduled time to be released to boot-camp.

5.  On October 1, 2009, Plaintiff was released from the (ODOC) to the hand of Immigration & Custom Enforcement (ICE) where he was taken to Tacoma Washington Northwest Detention Center (NWDC) and was detained there for another nine hundred and thirty eight 938, days and released on April 26, 2012. Upon his arrival to (NWDC) Plaintiff submitted multiple requests to the then was ICE FIELDOFFICE DIRECTOR NEIL CLARK, requesting his immediate release because his detention was illegal. Plaintiff requests were ignored. After defendant the ICE FIELD OFFICE DIRECTOR NEIL CLARK left his office for retirement, Plaintiff submitted additional multiple requests to the new FIELD OFFICE DIRECTOR: NATHALIE R. ASHER; and the ASSISTANT FIELD OFFICE DIRECTOR (DETENTION): SYLVIE LOBATO requesting that he be immediately released from detention explained that his detention was illegal and the Oregon criminal conviction was in the "direct" appeal and it was not a final conviction to the immigration purposes and that his conviction should not be considered final conviction for the immigration purposes." Pino v. Landon, 349 U.S. 901, 99 L. Ed. 1239,

75 S. Ct. 576 (1955), rev'gPino v. Nicolls, 215 F.2d 237 (1st Cir. 1954). The Seventh Circuit has interpreted *Pino* and section 241(a)(11) as requiring "that a final curtain must have been drawn in the criminal proceedings." Will v. Immigration and Naturalization Service, 447 F.2d 529, 532 (7th Cir. 1971). *See also* Matter of L.R., 8 I. & N. Dec. 269 (1959). The United States agree with the Seventh Circuit that not only a "conviction" but a sentence and exhaustion of procedures for direct appeal are necessary before an alien "has been convicted" of a narcotics offense under section 241(a)(11). Within the federal judicial system, a person has not been "convicted" of a crime under section 241(a)(11) until a judgment of conviction has been entered and until procedures for a direct appeal have been exhausted or waived.

6.   Defendants are responsible for their negligent, in detaining and depriving Plaintiff of his freedom when it was not necessarily.

7.   Defendants Department of Correction is responsible for unlawfully incarcerating Plaintiff for one thousand three hundred and seventy nine 1379 days from December 22, 2005, to October 1, 2009, when Plaintiff was eligible to be released from incarceration and into the six months boot-camp program. For that reason seeks four million one hundred thirty nine thousand and six hundred seventy eight $4,139,678 compensation and punitive damage from Oregon Department of Correction (ODOC)

8.   Defendants Immigration & Custom Enforcement (ICE) responsible for unlawfully placing detainer against the plaintiff and physically detaining Plaintiff for two thousand three hundred and seventeen 2,317 days, from December 22, 2005, to April 26, 2012. For that reason Plaintiff seeks six million, fifty five thousand and five hundred dollars $6,055,500 in compensation and punitive damage.

I WILL TESTIFY UNDER THE PENALTY OF PERJURY THAT THIS IS THE TRUTH.
THE ITEMS WERE MAILED FIRST CLASS MAIL ON THE DATE BELOW.

Respectfully submitted this Dated this 21th, day of March 2013

/S/ MilaudiKarboau
7582 SW Hunziker Street, Apt 50
Tigard, Oregon 97223
E mail: milaudikarboau@yahoo.com
Home (503) 443-6420
cel    (503) 421-0740